UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JASON JOSEPH GUIDRY                                    CIVIL ACTION

VERSUS                                                          NO. 18-10033

NANCY A. BERRYHILL, ACTING                    SECTION "R" (4)
COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION

## ORDER AND REASONS

Jason Guidry seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying his claims for disability insurance benefits and supplemental security income. Having reviewed the complaint,[1] the parties' briefs,[2] the applicable law, the Magistrate Judge's Report and Recommendation,[3] plaintiff's objections to the Magistrate Judge's Report and Recommendation,[4] and defendant's response to plaintiff's objections,[5] the Court approves the Magistrate Judge's Report and Recommendation and adopts it as its opinion with the following

---

[1]    R. Doc. 1.
[2]    R. Doc. 18; R. Doc. 23.
[3]    R. Doc. 24.
[4]    R. Doc. 25.
[5]    R. Doc. 26.

additional analysis.  Thus, it is ordered that the plaintiff's complaint be DISMISSED WITH PREJUDICE.


## I.   BACKGROUND

Guidry filed an application for disability insurance benefits and for supplemental security income.[6]  His application was initially denied on May 16, 2016.[7]  Guidry requested a hearing before an Administrative Law Judge,[8] which was held on September 20, 2017.[9]  The ALJ found that Guidry did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.[10]  The ALJ also found that Guidry had "the residual functional capacity to perform light work," with some restrictions,[11] and that he was "capable of performing past relevant work."[12]  The ALJ therefore found that Guidry was not disabled as defined by the Social Security Act.[13]  Guidry filed an appeal,[14] which was denied by the

---

[6]   R. Doc. 16-5 at 2-9.
[7]   R. Doc. 16-4 at 8-16.
[8]   R. Doc. 16-4 at 17-21.
[9]   R. Doc. 16-2 at 26-49.
[10]  *See id.* at 17 (emphasis removed).
[11]  *See id.* (emphasis removed).
[12]  *See id.* at 20 (emphasis removed).
[13]  *See id.* at 22.
[14]  *See id.* at 8-10.

Appeals Council.[15]  Guidry then filed a complaint challenging the denial of his request for benefits.[16]  The Magistrate Judge rejected Guidry's arguments in her Report and Recommendation.[17]

## II.   LEGAL STANDARD

The function of this Court on judicial review is limited to determining whether the record contains "substantial evidence" supporting the Commissioner's final decision, and whether the Commissioner applied the appropriate legal standards in reaching the decision. *See Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (per curiam); *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).  If supported by substantial evidence, the Commissioner's findings "are conclusive and must be affirmed." *See Spellman*, 1 F.3d at 360.  Substantial evidence is "more than a mere scintilla" but "less than a preponderance," and such that "is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion." *See id.*  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision. *See Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

---

[15]    R. Doc. 16-2 at 2-6.
[16]    R. Doc. 1.
[17]    R. Doc. 24.

The Court may not "reweigh the evidence or try the issues de novo" or substitute its judgment for that of the Commissioner. *See Martinez*, 64 F.3d at 174; *Spellman*, 1 F.3d at 360. "[C]onflicts in the evidence . . . are to be resolved by the [Commissioner], not by the courts." *Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983) (per curiam). Consequently, "[t]he reviewing court is not permitted to substitute its judgment for that of the [Commissioner], even if the reviewing court finds that the evidence preponderates toward a wholly different finding." *Id.*

## III.   DISCUSSION

Guidry objects to the Report and Recommendation on two grounds: Guidry argues (1) that he meets the requirements of Listing 14.09B,[18] and (2) that the Appeals Council failed to consider appropriately evidence submitted from his treating dermatologist.[19]

### A.   Listing 14.09B

Because the ALJ's failure to consider Listing 14.09B was harmless error, Guidry's argument does not provide a basis for reversing the Commissioner's decision. "In evaluating a disability claim, [an ALJ]

---

[18]   *See* R. Doc. 25 at 5.
[19]   *See id.* at 8.

conducts a five-step sequential analysis . . . ." *Audler v. Astrue,* 501 F.3d 446, 447 (5th Cir. 2007).  At step three, the ALJ must determine whether the "claimant's impairment . . . meet[s] or equal[s] an impairment listed in the appendix to the regulations." *See Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999).[20]  When making this determination, the ALJ is "required to discuss the evidence offered in support of [a] claim for disability and," where applicable, "to explain why she found [a claimant] not to be disabled." *See Audler*, 501 F.3d at 448.

That said, even when an "ALJ err[s] in failing to state any reason for her adverse determination at step 3, [a court] must still determine whether this error was harmless" before reversing a disability determination.  *See Audler*, 501 F.3d at 448; *see also Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003) (per curiam) ("We decline to reach the merits of either of these two arguments, because, even if the ALJ made any error, the error would be harmless.").  In other words, a court must determine if the "impropriety . . . render[s] the ALJ's determination unsupported by substantial evidence, and thus . . . prejudice[s] [the claimant's] substantive rights."  *See Morris v.*

---

[20]  The impairments listed in the appendix are those "consider[ed] to be severe enough to prevent an individual from doing any gainful activity," *see* 20 C.F.R. § 404.1525(a), thus, if of sufficient duration, making the individual disabled, *see* 20 C.F.R. § 404.1520(d).

*Bowen*, 864 F.2d 333, 336 (5th Cir. 1988); *see also Audler*, 501 F.3d at 448-49 (holding that a finding by an ALJ that a claimant did not have a listed impairment was not harmless when "[n]o medical evidence was introduced to contradict" plaintiff's evidence that she had an impairment). The Fifth Circuit has engaged in this harmless error analysis when an "ALJ d[oes] not identify the listed impairment for which [a claimant's] symptoms fail to qualify," as well as when an ALJ does not "provide any explanation as to how she reached the conclusion that [a claimant's] symptoms are insufficiently severe to meet any listed impairment." *See Audler*, 501 F.3d at 448. "Thus, the sole question before this court is whether substantial evidence supports the ALJ's finding that [plaintiff] did not have an impairment under Appendix 1 of the regulations." *See Bullock v. Astrue*, 277 F. App'x 325, 328 (5th Cir. 2007) (per curiam).

Here, at step three of his analysis, the ALJ determined that Guidry did not meet the requirements for a listed impairment.[21] The ALJ, though, did not address Listing 14.09,[22] which deals generally with "[i]nflammatory arthritis." *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 14.09. The Magistrate Judge found that "while the ALJ failed to consider Listing 14.09, the error

---

[21]    *See* R. Doc. 16-2 at 17.

[22]    *See* R. Doc. 23 at 5 ("The Commissioner concedes that the ALJ did not mention Listing 14.09.").

did not impact the outcome of the case nor prejudice Guidry."[23]  Now in his objections, plaintiff contends that the Magistrate Judge "did not evaluate whether evidence supported 14.09B."[24]

The Court notes that before concluding that the ALJ's failure to consider Listing 14.09 was harmless, the Magistrate Judge observed that "Listing 14.09 can be met in four ways, each described in paragraphs (A) through (D) of the listing."[25]   The Magistrate Judge's analysis thus encompassed 14.09B. Even with an eye to Listing 14.09B specifically, though, the Court does not find the ALJ's determination unsupported by substantial evidence. That is, the evidence is sufficient for a reasonable mind to accept the conclusion that Guidry did not meet the requirements of Listing 14.09B. *See Spellman*, 1 F.3d at 360.

In order for a listing to be met, the claimant's impairment must "satisf[y] all of the criteria of that listing."  *See* 20 C.F.R. § 404.1525(c)(3). For Listing 14.09B, these criteria are

> Inflammation or deformity in one or more major peripheral joints with:
>
> > 1. Involvement of two or more organs/body systems with one of the organs/body systems involved to at least a moderate level of severity; and

---

[23]   *See* R. Doc. 24 at 9.
[24]   *See* R. Doc. 25 at 5.
[25]   *See* R. Doc. 24 at 6.

7

> 2. At least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss).

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 14.09B.  Plaintiff argues that his "records reflect inflammation or deformity in one or more major peripheral joints, namely his hands"; that this inflammation involved his hands and skin to at least a moderate level; and that his fatigue and musculoskeletal pain present two constitutional symptoms.[26]

But substantial evidence undermines each of plaintiff's contentions. First, plaintiff points to inflammation in his hands.  But the inflammation required by Listing 14.09B must be in a major peripheral joint.  The major peripheral joints are the "hip, knee, shoulder, elbow, wrist-hand, and ankle-foot, as opposed to other peripheral joints (e.g., the joints of the hand or forefoot) or axial joints (i.e., the joints of the spine.)."  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00F; *see also id.* § 14.00C(8) ("Major peripheral joints has the same meaning as in 1.00F.").  Plaintiff's broad references to "joint pain" do not necessarily implicate a major peripheral joint.[27]  Indeed, plaintiff's focus on his hands rather than the wrist-hand—by, for instance, highlighting his "hand tremors"[28]—suggests the involvement of non-major

---

[26]   *See* R. Doc. 25 at 6.

[27]   *See* R. Doc. 25 at 6 (plaintiff's objections to the report and recommendation referencing "significant joint pains[] and arthralgias").

[28]   *See id.*

peripheral joints. And while plaintiff's records could indicate the involvement of a major peripheral joint—such as his right shoulder[29]—other evidence shows the opposite. As the ALJ noted, plaintiff's "consultative examination" revealed that his "hands and arms functioned normally," and he had a "full range of motion of all joints."[30] Plaintiff had "full strength in all four extremities," and "[t]here was no evidence of deformity in his neck, swelling, redness, or soreness evident."[31] In other words, "[t]he objective findings were generally normal."[32] Consequently, substantial evidence exists that a major peripheral joint was not inflamed or deformed.

Second, plaintiff points to his hands and his skin being the two body systems involved to at least a moderate level. Regarding plaintiff's hands, the objective medical evidence again shows that plaintiff's "[h]ands and arms function is normal."[33] Indeed, plaintiff's "grip, pinch, grasp, handling, and fingering" were all normal.[34] Regarding plaintiff's skin, evidence also

---

[29]   *See, e.g.*, R. Doc. 16-8 at 28 ("[B]ack of neck and right shoulder and shoulder blade [and] skin is inflammed as well."); *id.* at 92 ("Joint pain: yes, all joints."); *see also* R. Doc. 25 at 6 (plaintiff's objections to the report and recommendation referencing "muscle stiffness in his right shoulder").

[30]   *See* R. Doc. 16-2 at 19; *see generally* R. Doc. 16-7 at 138-143.

[31]   *See* R. Doc. 16-2 at 19.

[32]   *See id.*

[33]   *See* R. Doc. 16-7 at 142.

[34]   *See id.* at 141.

showed that "[h]is psoriasis is stable."[35]  Consequently, substantial evidence exists that plaintiff did not have multiple body systems involved to at least a moderate level.

Third, plaintiff points to his "severe fatigue" and "diffuse musculoskeletal pain" as being his two constitutional signs.[36]  Plaintiff appears to argue, therefore, that his diffuse pain equates to a malaise, *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 14.00C(2) ("Constitutional symptoms or signs, as used in these listings, means severe fatigue, fever, malaise, or involuntary weight loss."),[37] or "frequent feelings of illness, bodily discomfort, or lack of well-being that result in significantly reduced physical activity or mental function," *id.*  Plaintiff does point to evidence submitted to the Appeals Council from plaintiff's treating dermatologist suggesting that he "is in constant pain" and "has fatigue."[38]  But the objective medical evidence also revealed that plaintiff has "[n]o sign of any atrophy, joint tenderness, swelling, or redness" in his extremities;[39] that "[h]e can

---

[35]     *See* R. Doc. 16-8 at 76.
[36]     *See* R. Doc. 25 at 6.
[37]     Listing 14.00A(1)(b) identifies "diffuse musculoskeletal pain" as a "symptom[] or sign[]" associated with "[i]mmune system disorders," *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 14.00A(1)(b), but the "[d]efinition[]" of "[c]onstitutional symptoms or signs" under the Listing does not include musculoskeletal pain, *see id.* § 14.00C.
[38]     *See* R. Doc. 16-2 at 7; R. Doc. 25 at 6-7.
[39]     *See* R. Doc. 16-7 at 141.

ambulate . . . and stand normally";[40] that he is capable of "pushing, pulling, reaching, crouching, squatting, and stooping [as] normal";[41] and that his "strength is 5/5 in all four extremities."[42]  This evidence suggests an absence of bodily discomfort or musculoskeletal pain, and specifically discomfort leading to a reduction in physical activity.  Indeed, as the ALJ noted, "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence."[43]  In other words, substantial evidence exists that plaintiff did not have at least two constitutional signs, as required by Listing 14.09B(2).  Overall, therefore, the Court finds the ALJ's error harmless.

The Court also finds the ALJ's error harmless in light of the ALJ's subsequent findings.  Specifically, the ALJ found, based on plaintiff's residual functional capacity, both that he "is capable of performing past relevant work,"[44] and that "there are other jobs existing in the national economy that he is also able to perform."[45]  These conclusions support a finding that plaintiff is not disabled.  *See* 20 C.F.R. § 404.1520(f) (stating that

---

[40]    *See id.* at 142.
[41]    *See id.*
[42]    *See id.*
[43]    *See* R. Doc. 16-2 at 18.
[44]    *See* R. Doc. 16-2 at 20.
[45]    *See id.*

when an ALJ "cannot make a determination or decision at the first three steps of the sequential evaluation process," if a claimant's "residual functional capacity" would permit him to perform "past relevant work," he is "not disabled"); *id.* § 404.1520(g) (stating the same regarding "an adjustment to other work"). Indeed, even if the ALJ had "bypassed the first three steps," a court could infer that these steps were "not determinative" and affirm his findings based on the residual functional capacity evaluation. *See Hernandez v. Heckler*, 704 F.2d 857, 860, 863 (5th Cir. 1983). Overall, therefore, the Court finds no grounds to reverse the Commissioner's decision based on the ALJ's assessment, or lack thereof, of any listed impairment.

## B.    Evidence from Treating Dermatologist

Because the additional evidence submitted by plaintiff does not preclude a reasonable mind from accepting the ALJ's determination, it does not provide a basis for reversing the Commissioner's decision. The Appeals Council received a one-page letter from Dr. Erin Boh opining that "Guidry cannot hold a job due to his condition . . . [and] should be considered disabled."[46] The Council found, though, that "this evidence does not show a reasonable probability that it would change the outcome of the decision."[47]

---

[46]    *See* R. Doc. 16-2 at 7.

[47]    *See id.* at 3.

When new evidence is presented to the Appeals Council, "the regulations do not require the Appeals Council to discuss the newly submitted evidence, nor is the Appeals Council required to give reasons for denying review." *Whitehead v. Colvin*, 820 F.3d 776, 780 (5th Cir. 2016) (per curiam). That said, when "new evidence is presented to the Appeals Council, a court will review the record as a whole, including the additional evidence, to determine whether the Commissioner's findings are supported by substantial evidence." *Eubanks v. Berryhill*, No. 1:17-CV-161-MTP, 2018 WL 3520131, at *5 (S.D. Miss. July 20, 2018) (citing *Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005)). But the Fifth Circuit has "caution[ed] against remanding cases based on new evidence presented to the Appeals Council without meaningful regard for the substantial evidence standard." *See id.* (citing *Jones v. Astrue*, 228 F. App'x 403, 406-07 (5th Cir. 2007) (per curiam)).

Here, even considering the evidence submitted to the Appeals Council, there exists substantial evidence supporting the Commissioner's decision. A treating doctor's opinion that "an applicant is 'disabled' or 'unable to work'" has "no special significance." *See Frank*, 326 F.3d at 620. And, as already discussed above, substantial evidence exists that contradicts this opinion. For instance, the objective medical assessment revealed, among other things,

13

that plaintiff has "[n]o sign of any atrophy, joint tenderness, swelling, or redness" in his extremities;[48] that "[h]e can ambulate . . . and stand normally,"[49] that he is capable of "pushing, pulling, reaching, crouching, squatting, and stooping [as] normal";[50] that his "grip, pinch, grasp, handling, and fingering" are all normal;[51] and that his "strength is 5/5 in all four extremities."[52]

Furthermore, the value of Dr. Boh's evidence in supporting plaintiff's claims is reduced by the letter's lack of clarity regarding the time period it is addressing. The letter is dated over three months after the ALJ's decision.[53] And while Dr. Boh does reference plaintiff's decades-long history with psoriasis and psoriatic arthritis, she also states in the present tense that "Guidry cannot hold a job."[54] As such, the letter "provides no more than indirect evidence of disability during the relevant period," further supporting a finding that substantial evidence supports the Commissioner's decision. *See Garcia v. Berryhill*, 880 F.3d 700, 705 n.8 (5th Cir. 2018) (per curiam).

---

[48]     *See* R. Doc. 16-7 at 141.
[49]     *See id.* at 142.
[50]     *See id.*
[51]     *See id.* at 141.
[52]     *See id.* at 142.
[53]     *Compare* R. Doc. 16-2 at 7 (Dr. Boh letter dated February 21, 2018), *with id.* at 11 (ALJ decision dated November 20, 2017).
[54]     *See* R. Doc. 16-2 at 7.

In sum, therefore, the Court finds no grounds to reverse the Commissioner's decision based on the evidence plaintiff submitted to the Appeals Council.

## IV.   CONCLUSION

For the foregoing reasons, the plaintiff's complaint is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __1st___ day of June, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE